# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

JESSE PETTAWAY, JR., :
AIS 130451,
:
    Petitioner,
:
vs.                                                 CA 11-0258-WS-C
:
KENNETH JONES,
:
    Respondent.

## REPORT AND RECOMMENDATION

Jesse Pettaway, Jr., a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed with prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).[1]

---

[1] In light of the contents of this report and recommendation, the undersigned finds petitioner's motion for leave to proceed without prepayment of fees (Doc. 2) **MOOT**.

# **FINDINGS OF FACT**

1. According to the allegations gleaned from the petition for writ of habeas corpus filed May 16, 2011, Pettaway was convicted of first-degree rape on November 17, 1981 and was thereafter sentenced to life imprisonment. (*See* Doc. 1, at 2.)

2. Pettaway's conviction and sentence were affirmed on appeal, without written opinion, and his application for rehearing was overruled. (*See id.* at 3.) Pettaway did not file a petition for writ of certiorari with the Alabama Supreme Court. (*Id.*)

3. Although petitioner reports in his petition only that he collaterally attacked his conviction and sentence in the state courts of Alabama in 2010 (*see id.* at 4), it is clear that Pettaway's 2010 collateral attack on his 1981 first-degree rape conviction—and resulting life term of imprisonment—simply represents the latest of a plethora of Rule 32 petitions filed by him in the state courts of Alabama. *See Pettaway v. State*, 2010 WL 5144810, *1 (Ala.Crim.App. Dec. 17, 2010) (Kellum, J., concurring specially) ("I write specially to note that this action appears to be Jesse Pettaway's ninth Rule 32, Ala.R.Crim.P., petition challenging his 1981 conviction for first-degree rape and his resulting sentence of life in prison. I believe that allowing Pettaway to file multiple petitions for

2

postconviction relief in which his claims are either precluded or without merit wastes scarce judicial resources. Therefore, I would encourage the circuit court to consider adopting sanctions like those proposed in *Peoples v. State*, 531 So.2d 323 (Ala.Crim.App. 1988), and *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986), to prevent future frivolous litigation on the part of Pettaway and other similarly situated inmates.").

4. It is also clear to the undersigned, from reviewing this Court's records, that petitioner's reported habeas corpus challenge to his 1981 conviction and sentence in this Court, that is, from 1986, CA 86-0900-T-C (*see* Doc. 1, at 9), does not represent his only collateral challenge asserted in the Southern District of Alabama. Instead, a review of court records reveals numerous habeas corpus petitions filed by Pettaway over the years. *Compare id. with, e.g., Pettaway v. Holt*, 00-0475-CB-M; *Pettaway v. State of Alabama*, 03-0768-CG-B; *Pettaway v. Holt*, 06-0424-KD-M; and *Pettaway v. Holt*, 06-0491-WS-B. United States District Judge William H. Steele dismissed with prejudice Pettaway's most recent habeas corpus petition filed in this Court prior to the filing of the instant petition. *See Pettaway v. Holt*, 06-0491-WS-B, Doc. 11. "It is **ORDERED, ADJUDGED, and DECREED** that the petition in this action be and is hereby **DISMISSED** with prejudice for lack of jurisdiction because the habeas petition is successive as defined by 28 U.S.C. § 2244(b)(3)(A)." *Id*.

5. Pettaway filed the instant petition in this Court on May 16, 2011 (Doc. 1, at 13 (petitioner's indication that he executed the petition and delivered same to custodial authorities for mailing on May 16, 2011)), and from that document the undersigned discerns that petitioner raises the following claims which he contends entitle him to relief: (1) the Baldwin County Circuit Court was without jurisdiction to render judgment or to impose a life sentence; (2) the highest state court failed to obtain the original trial transcript to determine if the petit jury was sworn-in or administered the oath prior to trial; and (3) he was deprived of his constitutional rights to due process and equal protection of the laws. (*Id.* at 7-8.)

## **CONCLUSIONS OF LAW**

1. A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Secretary for the Department of Corrections,* 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case."). Rule 4 provides, in pertinent part, that "[i]f it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

2. Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), quoting 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). "[T]he petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) (citations omitted); *see also Tompkins v. Secretary, Department of Corrections*, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied sub nom. Tompkins v. McNeil,* ___ U.S. ___, 129 S.Ct. 1305, 173 L.Ed.2d 482 (2009).

3. The instant § 2254 petition, filed May 16, 2011, is clearly a successive petition yet there is nothing to indicate that Pettaway filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this successive petition. *See, e.g., Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) ("[The movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."). Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his (at least) sixth federal habeas petition, nor been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Pettaway's request for relief, *compare id.* ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *with Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition."), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997). Accordingly, this cause is due to be dismissed, with prejudice, for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *Compare Tompkins, supra,* 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district

court to consider it.") *with United States v. Holt, supra,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *and Simmons v. Cummins,* 2010 WL 582091, *2 (M.D. Ala. Jan. 15, 2010) ("It is clear from the pleadings filed herein that Simmons has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. 'Because this undertaking [is Simmons'] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief.'"), *report & recommendation adopted by* 2010 WL 653691 (Feb. 17, 2010).[2]

---

[2] The undersigned recommends that this Court dismiss with prejudice Pettaway's present federal habeas petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer this matter to the Eleventh Circuit pursuant to 28 U.S.C. § 1631, *see Guenther, supra,* 173 F.3d at 1330-1331, n.4 ("We note that the cases from the Second, Sixth and Tenth Circuits cited in the preceding paragraphs did not analyze § 1631 or explain why it was appropriate authority for the transfer. Significant arguments can be made on either side as to the viability of § 1631, and a different result may occur depending upon whether the matter to be transferred is viewed as a § 2254 application or as a motion under § 2244(b)(3)(A) or as a motion to treat the § 2254 application as a motion under § 2244(b)(3)(A). Also, we note that there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court.'"); *Dunn v. Singletary,* 168 F.3d 440, 441 n.1 (11th Cir. 1999) ("Immediately after the instant habeas corpus petition was filed, the district court dismissed it without prejudice on May 30, 1997, to allow Dunn to seek authorization from this court to proceed with this successive petition as required by § 2244(b)(3)(A)."), because his petition "in addition to being second or successive, [is] indisputably time-barred." *Guenther,* 173 F.3d at 1331.

7

4. Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to

proceed further."'"). Inasmuch as the instant petition is unquestionably a successive petition, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition, with prejudice, for want of jurisdiction or that Pettaway should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

5. Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g., Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Jesse Pettaway, Jr.'s petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed with prejudice for lack of jurisdiction because the petition is successive as defined by

9

28 U.S.C. § 2244(b)(3)(A). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of

the Magistrate Judge.

**DONE** this the 31st day of May, 2011.

     s/WILLIAM E. CASSADY     
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.  *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).